IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEVINCHE JAVON ALBRITTON, ) | |
|     Plaintiff, ) | Civil Action No. 7:22cv00306 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| DAVID ANDERSON, et al., ) | By:  Robert S. Ballou |
|     Defendants. ) | United States District Judge |

    Devinche Javon Albritton, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 against the defendants, alleging violation of his First, Eighth, and Fourteenth Amendment rights, as well as violation of the Americans with Disabilities Act and the Rehabilitation Act, by failing to allow him to participate in online law school courses provided by the Southside Virginia Community College.  He also alleges that he has been retaliated against because of filing grievances and complaints about being denied access to training.  The matter is currently before the court on Albritton's motion for an injunction requiring the defendants to transfer Albritton to another facility (Sussex) because of the alleged ongoing retaliation at River North Correctional Center.  For the reasons stated below, his motion for injunction will be denied.

    Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly.  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991).  The party seeking the injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  The moving party must satisfy all four requirements, and the injunctive relief can only be granted on a clear showing of entitlement to relief.  *Id.* at 22.

Albritton's motion for preliminary injunction alleges that he is "constantly being threatened and retaliated against with false charges."  Req. for Prelim. Inj. at 1, ECF No. 52.  This allegation is vague, lacking any details regarding who has threatened him, when, where, or with what charges.  In the absence of meaningful, specific facts showing an imminent likelihood of irreparable harm, the court must treat such claims of retaliation with skepticism, because "every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct."  *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (internal quotations and citation omitted).  Albritton has alleged nothing to support any claim that he is likely to suffer irreparable harm if he is not transferred.  His belief that "RNCC prison officials intend to do further substantial harm to his life and safety" (Req. for Prelim. Inj. at 2) is speculative and is not evidence of any likelihood of irreparable harm.

Nor is a preliminary injunction to transfer Albritton to Sussex in the public interest.  Transfer of an inmate is generally not an appropriate injunction for a federal court to issue, especially when the inmate is in state custody.  *Branham v. City of Lynchburg*, 644 F. Supp. 3d 215, 220 (W.D. Va. 2022).  Administration of state prisons, including where prisoners are housed, is left to prison administrators who are in the best position to evaluate prisoner needs, including prisoner safety; federal courts give high deference to the placement decisions of state prison officials.  *Id.*; *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980).

The court need not address the remaining *Winter* criteria, as Albritton clearly fails to meet the two criteria already discussed.  Plaintiff's request for a preliminary injunction (ECF No. 52) is **DENIED**.

       Enter:  December 19, 2023
       /s/ Robert S. Ballou
       Robert S. Ballou
       United States Magistrate Judge